`Case 1:13-cv-00582-SLR   Document 20   Filed 03/14/13   Page 1 of 4 PageID #: 647`
UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AUTOMATED TRANSACTIONS, LLC, )<br>)<br>  Plaintiff  )<br>)<br>v.  )<br>)<br>BATH SAVINGS INSTITUTION,  )<br>)<br>  Defendant  ) | No. 2:12-cv-393-JAW |

### RECOMMENDED DECISION ON MOTION FOR STAY AND OBJECTION TO SCHEDULING ORDER

The defendant in this patent infringement action asks this court to stay this action pending resolution by the Judicial Panel on Multidistrict Litigation ("JPMDL") of a motion pending there to transfer this action and several other cases for consolidated pretrial proceedings in the District of Delaware pursuant to 28 U.S.C. § 1407. Motion by Bath Savings Institution for Stay of Proceedings Pending Decision by the Judicial Panel on Multidistrict Litigation on the Motion to Transfer to the District of Delaware ("Motion") (ECF No. 8) at 1. All of those actions before the JPMDL are patent infringement actions concerning ATMs filed by the same plaintiff. *Id*. at 1. The defendant also seeks a corresponding amendment of the scheduling order for this case. Objection to Scheduling Order (ECF No. 9). For the reasons that follow, I recommend that the court grant the motion for a stay, thereby mooting the objection to the scheduling order.

Three actions involving the plaintiff's patents are pending in the District of Delaware. *Id*. at 2. One of those cases involves all of the patents asserted here, and defendants in the other two have moved to amend their counterclaims to include all of these patents. *Id*. Defendants are

seeking similar transfers in actions filed in other states. *Id*. at 2-3. Notice of three "tag-along" actions, including this one, was given to the Panel on January 2, 2013. Movants' Notice of Potential Tag-Along Actions (ECF No. 8-3). This motion was filed on January 4, 2013. ECF No. 8. Stays have been granted on this basis in cases filed by the plaintiff in New Hampshire and Massachusetts. Motion at 3; Reply in Support of Motion by Bath Savings Institution for Stay of Proceedings Pending Decision by the Judicial Panel on Multidistrict Litigation on the Motion to Transfer to the District of Delaware ("Reply") (ECF No. 15) at 1; ECF Nos. 8-5 & 15-1.

Briefing on the motion to transfer has apparently been completed, and the matter will be heard by the Panel on March 21, 2013. Motion at 5.

The plaintiff opposes the motion, setting out its position on the merits of the transfer motion. Automated Transactions, LLC.'s Opposition to Motion by Bath Savings Institution for Stay of Proceedings Pending Decision by the Judicial Panel o[n] Multidistrict Litigation ("Opposition") (ECF No. 14) at 1-4. As the defendant points out in its reply, Reply at 3, the merits of that motion are at most peripheral to the motion for a stay that is before this court.

The plaintiff asserts that "continuing delay" in this action will cause it prejudice, Opposition at 4, although there is no indication that it has taken any action in this case, beyond litigating the pending motions, since filing its complaint on December 21, 2012. ECF No. 1 & Docket. It points out that its patents "expire in May, 2017." Opposition at 4.[1] I see no reason to assume that either the instant action or the consolidated actions in the District of Delaware, should the motion to transfer be granted, will not be resolved before that date over four years in the future. The plaintiff offers nothing else to support its assertion that the delay caused by a

---

[1] The defendant contends that the expiration date is actually May 10, 2016, Reply at 3 n.1, but the actual date has no bearing on the motion before the court.

stay of this action would be "real and harmful" to it.  *Id*. at 5.  Indeed, some large portion of any discovery undertaken in this case would likely be duplicative of any discovery to be undertaken under the guidance of the court in Delaware, should the motion to transfer be granted.  *See, e.g., Board of Trustees of Teachers' Retirement Sys. v. WorldCom, Inc.*, 244 F.Supp.2d 900, 906 (N.D. Ill. 2002) ("[W]hile delay is always regrettable, the [party opposing a stay] fail[s] to explain how delay in this case will substantially affect [its] rights.").

"Courts frequently grant stays pending a decision by the M[ulti]D[istrict] L[itigation] Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co.*, 5 F.Supp.2d 804, 809 (N.D. Cal. 1998) (and cases cited therein).  In the absence of a stay, there is a risk of inconsistent rulings.  *WorldCom*, 244 F.Supp.2d at 905.  In addition, "[a]lmost by definition, little or no judicial resources are expended during the pendency of a stay." *Id.*  The other factor for consideration in connection with this motion, the hardship and inequity to the defendant if the action is not stayed, *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. CIV.A.3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002), is the potential cost in time and money, not to mention the waste of judicial resources, inherent in repetitive and overlapping discovery. *Id*.

The motion for a stay should be **GRANTED**.  *See generally Good v. Altria Group, Inc.*, 624 F.Supp.2d 132, 134-36 (D. Me. 2009).  If the court accepts this recommendation, the defendant's objection to the scheduling order will be moot.  The schedule for proceedings in this case will be more appropriately addressed after the motion to transfer is decided, if at that juncture it need be addressed at all.  The defendant, as the party moving for a stay, should be ordered to report immediately to the court the resolution of the motion to transfer, and otherwise to report every 60 days while it is pending.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 14th day of March, 2013.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge